UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET HART and PAUL HART,<br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>DUKE REALTY LIMITED PARTNERSHIP,<br>DUKE REALTY CORPORATION, and<br>IH SERVICES, INC.,<br>　　　　　Defendants. | :<br>:<br>:<br>:　　No. 5:20-cv-01462<br>:<br>:<br>:<br>:<br>: |

**O P I N I O N**
Plaintiffs' Motion to Remand, ECF No. 4 - Granted

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　July 8, 2020
**United States District Judge**

**I.　　INTRODUCTION**

This case arose from a slip-and-fall at an Amazon facility in Easton, Pennsylvania. Plaintiffs Janet and Paul Hart (collectively "Hart") filed suit in the Philadelphia County Court of Common Pleas against Defendants Duke Realty Limited Partnership and Duke Realty Corporation,[1] and against IH Services, Inc.  Duke Realty removed the action to this Court based on diversity jurisdiction.  Currently pending is Hart's Motion to Remand, asserting that removal was improper because IH Services did not communicate its consent to removal to the Court.  For the following reasons, the Motion to Remand is granted.

**II.　　STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the

---

[1]　　Duke Realty Corporation states that it was incorrectly designated as Duke Realty Limited Partnership.  *See* Removal 1, ECF No. 1.

district court of the United States for the district and division embracing the place where such action is pending."  After an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court.  "The federal removal statute, 28 U.S.C. § 1441, is strictly construed, requiring remand if any doubt exists over whether removal was proper."  *Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015).  "The party seeking removal carries the burden of proving that removal is proper;" and that "burden is particularly heavy when the party seeks to avoid a forum selection clause through use of removal."  *Id.*

**III.   BACKGROUND**

On February 25, 2020, Hart brought suit in the Philadelphia County Court of Common Pleas against Duke Realty and IH Services, seeking damages for various injuries and loss of consortium.  *See generally* Compl., ECF No. 1, Ex. "A."  The allegations in the Complaint are as follows: On May 25, 2018, Janet Hart slipped and fell on a wet floor in the Amazon Fulfillment Center (ABE4) breakroom, located at 1610 Van Buren Road, Easton, Pennsylvania 18045.  *Id.* ¶ 7.  Duke Realty and IH Services were aware of the puddles that often accumulated on the uneven floor of the breakroom and had only attempted to remedy the problem by placing a mat over the water that collected there.  *Id.* ¶¶ 8-9.  The mat was small and did not cover the entirety of the affected area.  *Id.* ¶ 10.  Following Hart's accident, additional mats were placed over the wet, slippery area, presumably to prevent further incidents.  *Id.* ¶ 11.

Duke Realty was served with the Complaint on February 28, 2020.  *See* Defs.' Not. of Removal ¶ 2, ECF No. 1.  Within a few days, IH Services was also served.  *See* Pls.' Mot. to Remand, Ex., ECF No. 4-5.  Duke Realty filed a Notice of Removal on March 17, 2020, based

on diversity jurisdiction.[2] Defs.' Not. of Removal ¶ 6.  Counsel for Duke Realty asserts that prior to removal, he communicated with Wayne Gens, the Human Resources Manager of IH Services. *Id.* ¶ 5.  Wayne Gens consented on behalf of IH Services to the removal.  *Id.*

In the Motion to Remand, Hart claims that because IH Services only gave consent for the removal orally to Duke Realty, this case should be remanded back to the Philadelphia County Court of Common Pleas.  *See* Pls.' Mot. to Remand ¶¶ 7, 9, ECF No. 4.

## IV. ANALYSIS

In order for a case with multiple defendants to be removed from state to federal court, every defendant must consent to the removal.  *See Ogletree v. Barnes*, 851 F. Supp. 184, 186 (E.D. Pa. 1994).  This is known as the "rule of unanimity." *Id.*  The rule of unanimity requires that "all defendants must[3] join in the notice of removal or otherwise consent to the removal within the thirty-day period set forth in 28 U.S.C § 1446(b) in order to perfect removal." *Id.* (referencing *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985)).  The purpose of the rule is to "give deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor of remand."  *McManus v. Glassman's Wynnefield, Inc.*, 710 F. Supp. 1043, 1045 (E.D. Pa. 1989) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)).

Consent from all defendants in a removal action must be "express, official, and unambiguous."  *Morganti v. Armstrong Blum Mfg. Co.*, No. 00-6343, 2001 WL 283135, at *2

---

[2] Duke Realty is a business incorporated and with a principal place of business in Indiana. Defs.' Not. of Removal ¶ 8.  IH Services is a business incorporated and with a principal place of business in South Carolina. *Id.*  Janet and Paul Hart are citizens of Pennsylvania. *Id.*

[3] There are various exceptions to the rule of unanimity, which in certain instances do not require all defendants to join the removal petition.  "Merely nominal parties" are not subject to the rule of unanimity, and are thus not required to join removal petitions.  *See Ogletree*, 851 F. Supp at 187.  Additionally, parties who have yet to be served prior to the filing of the notice of removal are not required to join the removal or consent to the notice.  *See id.*  None of these exceptions are applicable here.

(E.D. Pa. Mar. 19, 2001). While this does not require that each joining defendant sign the removal petition, each defendant must provide "some timely filed written indication…or some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Ogletree*, 851 F. Supp. at 188 (citing *Getty Oil, Div. of Texaco, Inc. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1262 (5th Cir. 1988)). This consent does not always require a formal filing – instead, an informal, even oral consent may suffice but *only if* presented directly to the court. *See Ogletree*, 851 F. Supp at 189 (referencing *Colin K. v, Schmidt*, 528 F. Supp. 355, 358 (D.R.I. 1981)). Specifically, there must be some official statement to the court that constitutes a binding consent to the removal action. *See Southwick v. Yale Materials Handling Corp.*, No. 97-383, 1997 WL 381771, at *1 (E.D. Pa. June 27, 1997); *see also, Ellerbee v. Union Zinc, Inc.*, 881 F. Supp. 162, 164 (E.D. Pa. 1995). Oral consent given from one defendant to another does not meet this requirement because one defendant cannot speak on behalf of another. *See Morganti*, 2001 WL 283135, at *2; *Ogletree*, 851 F. Supp. 184; *see also, Landman v. Borough of Bristol*, 896 F. Supp. 406, 408-09 (E.D. Pa. 1995) (determining that one defendant cannot speak on behalf of its co-defendant regarding removal actions).

In *Morganti*, the plaintiffs filed a products liability case in the Philadelphia County Court of Common Pleas. Two defendants were named and both were served with the complaint. One defendant, Armstrong Blum Manufacturing Company ("Armstrong") filed a notice of removal, which its co-defendant, Brooks Machine, Inc. ("Brooks") did not sign. *See Morganti*, 2001 WL 283135, at *1. Armstrong did, however, state that it received consent from Brooks, and provided the court with a letter which referenced a conversation between the two defendants. *Id.* This letter stated that during the conversation between Armstrong and Brooks, Brooks did not object to the notice of removal being filed with the court. *Id.* The court in *Morganti* held that oral

consent between co-defendants is not express, official, or unambiguous in the way that is required for removal actions. *Id.* at *4. Specifically, Armstrong was unable to speak for Brooks; rather, some formal or informal notice from Brooks *to the court* that Brooks consented to the removal action was required. *Id.* at *3.

The case at bar closely mirrors *Morganti*. Here, Duke Realty received oral consent from IH Services to proceed with the removal. Duke Realty provided a certification letter stating that it had communicated with IH Services regarding the notice of removal, and received IH Services' consent. *See* Pls.' Resp. in Opp'n., Ex "B," ECF No. 5; *see also* Defs.' Not. of Removal ¶ 5. However, this certification is not sufficient to show that IH Services consented to the removal action. Like in *Morganti*, the consent between Duke Realty and IH Services is not express, official, or unambiguous consent given *to the Court*. Had IH Services provided some documentation to this Court, be it formal or informal, this may have been enough to constitute consent but that did not happen. Accordingly, Duke Realty's Notice of Removal does not satisfy the rule of unanimity and is procedurally improper. Hart's Motion to Remand is granted.

### IV. CONCLUSION

Duke Realty failed to show that IH Services consented to the removal, as the oral communication between the parties is insufficient. Because IH Services never gave consent to this Court, the matter was improperly removed. The Motion to Remand is granted and the case is remanded to the Philadelphia County Court of Common Pleas.

A separate order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge