UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANET HART and PAUL HART,<br>　　　　　Plaintiffs, | :<br>:<br>: |
| v. | : No. 5:20-cv-01462<br>: |
| DUKE REALTY LIMITED PARTNERSHIP,<br>DUKE REALTY CORPORATION, and<br>IH SERVICES, INC.,<br>　　　　　Defendants. | :<br>:<br>:<br>:<br>: |

**O P I N I O N**
**Defendants' Motion for Reconsideration, ECF No. 10 - Denied**

**Joseph F. Leeson, Jr.**　　　　　　　　　　　　　　　　　　　　　　　　　　**August 4, 2020**
**United States District Judge**

I.　　INTRODUCTION

　　This case arose from a slip-and-fall at an Amazon facility in Easton, Pennsylvania. Plaintiffs Janet and Paul Hart filed suit in the Philadelphia County Court of Common Pleas against Defendants Duke Realty Limited Partnership and Duke Realty Corporation,[1] and IH Services, Inc.  Duke Realty removed the action to this Court based on diversity jurisdiction.  The Harts filed a Motion to Remand, arguing that removal was improper because IH Services did not communicate its consent to removal to this Court.  The Motion to Remand was granted on that ground.  Currently pending is Duke Realty's Motion for Reconsideration, which raises a new argument supporting removal.  Because this is not a proper basis for reconsideration, the Motion for Reconsideration is denied.

---

[1]　　Duke Realty Corporation stated that it was incorrectly designated as Duke Realty Limited Partnership.  *See* Not. Removal 1, ECF No. 1.

## II. LEGAL STANDARDS

### A. Motion for Reconsideration

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). It is a "well-settled rule that reconsideration is improper when a party should have raised an argument earlier." *Sarpolis v. Tereshko*, 625 Fed. Appx. 594, 599 (3d Cir. 2016) (unpublished); *see, e.g., United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010). A motion for reconsideration "is not properly founded on a request that the Court rethink what [it] had already thought through—rightly or wrongly." *Pollock v. Energy Corp. of Am.,* 665 F. App'x 212, 218 (3d Cir. 2016) (internal quotations omitted). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

### B. Amendments to a Notice of Removal

"A notice of removal can be amended freely within the thirty day period provided for in 28 U.S.C. § 1446(b)." *Tomasino v. Guzman-Nieves*, No. 16-1034, 2016 U.S. Dist. LEXIS 138194, at *7-8 (W.D. Pa. Oct. 5, 2016). The Court of Appeals for the Third Circuit has not decided whether a notice of removal can be amended more than thirty days after it was served to

...

cure a procedural defect.  *See Lewis v. Rego Co.*, 757 F.2d 66, 69 n.2 (3d Cir. 1985).  There is a split among the district courts within the Third Circuit on this issue, but the district courts that have allowed defendants to amend their removal notices to cure defects have only granted leave in extraordinary circumstances, such as when the court has invested significant time in a case. *See Baldy v. First Niagara Pavilion, C.C.R.L., LLC*, 149 F. Supp. 3d 551, 564-66 (W.D. Pa. 2015) (finding that because the case was only three-months old and the court had not expended a significant amount of time or resources on the matter, whether by orders, conferences, or otherwise, "there is no basis for the court to conclude the circumstances in this case are extraordinary and warrant the court granting defendants leave to cure the defective removal notice"); *Weaver v. Herman*, No. 3:13-CV-01634, 2013 U.S. Dist. LEXIS 184184, at *5-6 n.1 (M.D. Pa. Dec. 4, 2013) ("The majority of courts refuse to permit an amendment to a removal petition to correct procedural defects following the close of the thirty day period. . . . Those courts that do permit procedural amendments after the thirty day period has expired generally do so in the interests of justice or judicial economy.").

### III.    BACKGROUND

The Harts brought suit in the Philadelphia County Court of Common Pleas against Duke Realty and IH Services, seeking damages for various injuries and loss of consortium resulting from Janet Hart's slip-and-fall at an Amazon facility, which Duke Realty allegedly owned and managed, and which IH Services allegedly maintained and cleaned.  *See* Compl., Ex. A, ECF No. 1.  Duke Realty was served with the Complaint on February 28, 2020.  *See* Not. Removal ¶

2, ECF No. 1.  On March 17, 2020, Duke Realty filed a Notice of Removal in this Court based on diversity jurisdiction.[2]  *See id.*

The Harts filed a Motion to Remand, arguing that removal was improper because Duke Realty did not obtain permission from IH Services.  *See* Mot. Remand, ECF No. 4.  In response, counsel for Duke Realty asserted that she spoke with and obtain consent from IH Services' Human Resources Manager to removal.  *See* Resp. Remand, ECF No. 5.[3]  The Harts replied that this consent was insufficient because consent was not given to the Court and counsel for Duke Realty could not speak on behalf of IH Services.  *See* Reply Remand, ECF No. 6.  In a Sur-reply filed on April 17, 2020, Duke Realty maintained its argument that the consent here was sufficient.  *See* Sur-reply Remand, ECF No. 7.  Duke Realty did not address the fact that IH Services' verbal consent was given only to Duke Realty's counsel and not to the Court, but nevertheless included a written consent to removal from IH Services signed by the Human Resources Manager on April 17, 2020.  *See id.* and Ex. C.

By Opinion and Order dated July 8, 2020, this Court granted the Motion to Remand.  *See* Remand Opn., ECF No. 8.  The Opinion held that because IH Services only communicated its

---

[2]     Duke Realty is a business incorporated and with a principal place of business in Indiana.  *See* Not. Removal ¶ 8.  IH Services is a business incorporated and with a principal place of business in South Carolina.  *Id.*  Janet and Paul Hart are citizens of Pennsylvania.  *Id.*

[3]     The Certification of Susan J. Zingone, Esq., Duke Realty's counsel, was attached to the Response as Exhibit "B."  *See* Resp. Remand, Ex. B, ECF No. 5.  In the Certification, Ms. Zingone states that she spoke with IH Services' Human Resources Manager, Mr. Gens.  *See id.*  Mr. Gens advised her that IH Services, Inc. did not begin servicing the facility until July 1, 2018, a month after Ms. Hart fell.  *See id.*  Mr. Gens informed the Harts' counsel of the same.  *See id.*  The Certification states that Ms. Zingone advised Mr. Gens that Duke Realty was seeking to have the case removed to federal court, "and explained that consent was required from IH Services, Inc. in order to effectuate the removal."  *See id.*  Ms. Zingone attests that "Mr. Gens provided consent on behalf of IH Services, Inc."  *See id.*  The Certification states that Ms. Zingone spoke to Mr. Gens a few days later and confirmed the language for the consent for removal of this case, after which the Notice of Removal was filed in this Court.  *See id.*

consent to Duke Realty and not "*to the Court*," the consent was insufficient and removal violated the rule of unanimity. *See id.* 5 (citing *Morganti v. Armstrong Blum Mfg. Co.*, No. 00-6343, 2001 WL 283135, at *2 (E.D. Pa. Mar. 19, 2001)).

Duke Realty has filed a Motion for Reconsideration of that decision, asserting that reconsideration "is necessary in order to correct a clear error of law or fact - IH Services, Inc. qualifies as a merely nominal party in this matter and therefore is exempt from consideration in the removal analysis." *See* Mot. Recons. ¶ 28, ECF No. 10.

**IV.   ANALYSIS**

The Opinion granting remand explained:

> In order for a case with multiple defendants to be removed from state to federal court, every defendant must have consented to the removal. *See Ogletree v. Barnes*, 851 F. Supp. 184, 186 (E.D. Pa. 1994)). This is known as the "rule of unanimity." *Id*. The rule of unanimity requires that "all defendants must join in the notice of removal or otherwise consent to the removal within the thirty-day period set forth in 28 U.S.C § 1446(b) in order to perfect removal." *Id*. (referencing *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985)).

Remand Opn. 3. In a footnote, the Opinion noted that "[t]here are various exceptions to the rule of unanimity, which in certain instances do not require all defendants to join the removal petition. 'Merely nominal parties' are not subject to the rule of unanimity, and are thus not required to join removal petitions." *Id.* 3 n.3 (citing *Ogletree*, 851 F. Supp at 187). There was no other mention of nominal parties in the Opinion.

There was no suggestion in the Notice of Removal that IH Services was a nominal party; rather, the Notice claimed that Duke Realty's counsel obtained consent for the removal after speaking with the Human Resources Manager of IH Services. *See* Not. Removal ¶ 5. Duke Realty's briefs opposing the Motion to Remand also made no argument that IH Services was a nominal party. Instead, Duke Realty again alleged that its counsel obtained consent for the

removal.  Duke Realty further asserted that such consent was acquired after its counsel informed IH Services' Human Resources Manager it was "seeking to have the case removed to federal court. . . and explain[ing] that *consent was required* from IH Services."  *See* Resp. Remand 3, 6-9 (emphasis added).  Duke Realty argued that the oral consent here between Defendants was sufficient, not that consent was unnecessary.  This Court was the first to mention "nominal parties," listing the exceptions to the rule of unanimity and finding that "[n]one of these exceptions are applicable here."  *See* Remand Opn. 3 n.3.

Duke Realty, alleging in the Motion for Reconsideration that IH Services is a nominal party, is therefore attempting to raise a new argument, which was previously available.  However, new arguments cannot be brought at this stage of the litigation if they were not raised previously.  *See Helfrich v. Lehigh Valley Hosp.*, No. 03-cv-05793, 2005 U.S. Dist. LEXIS 14792, at *14 (E.D. Pa. July 21, 2005) ("[A] motion to reconsider may not raise new arguments that could have (or should have) been made in support of or in opposition to the original motion.").

Additionally, to the extent Duke Realty suggests it previously raised the argument that IH Services is a nominal party in its Response in Opposition to Plaintiffs' Motion to Remand when stating that IH Services did not begin servicing the facility until after the alleged incident, it has still failed to show that reconsideration is warranted for two reasons.

First, any such argument was untimely.  The Notice of Removal made no mention of when IH Services began cleaning the facility.  *See* Not. Removal.  Allegations in this regard were made for the first time on April 9, 2020, in Response to the Motion to Remand.  However, Duke Realty never sought leave to amend the Notice of Removal.  Even if it had, the request would have been untimely because amendments to the Notice of Removal had to be filed within

thirty days of February 28, 2020.  *See Gaffer Ins. Co. v. Discover Reinsurance Co.*, No. 3:05-CV-1060, 2005 U.S. Dist. LEXIS 60823, at *2-3 (M.D. Pa. Aug. 18, 2005) (refusing to consider whether a party is merely a nominal party because the notice of removal made no such contention and the assertion was made for the first time in opposition to the motion to remand).  The written consent attached to the Sur-reply,[4] which also failed to seek leave to amend the Notice of Removal, was even more untimely.  *See McGuigan v. Darden*, No. 11-6563, 2012 U.S. Dist. LEXIS 33142, at *9 (E.D. Pa. Mar. 13, 2012) (denying the defendant's motion for leave to amend the notice of removal to provide evidence that all defendants consented to removal because more than thirty days since the complaint was served had passed); *Ogletree v. Barnes*, 851 F. Supp. 184, 190 (E.D. Pa. 1994) ("While a few courts have allowed non-signing defendants to submit affidavits of consent after the thirty-day period had expired, it is well-settled in this district that the thirty-day limitation is mandatory and the court is without authority to expand it." (internal quotation omitted)).  Other than the Initial Procedural Order, which is a standard order issued by the Undersigned in most of its civil cases, *see* ECF No. 3, no orders had been issued, no conferences held, and no time expended in the above-captioned action.  Accordingly, this Court had not invested significant time in this case, nor were any other extraordinary circumstances present to justify an amendment to the Notice of Removal beyond the thirty-day period.  *See Tomasino*, 2016 U.S. Dist. LEXIS 138194, at *7-8 (refusing to grant leave to amend to cure a defective removal notice outside the thirty-day period because the court

---

[4] The Sur-reply was also filed without leave.  Section II(F)(3) of the Undersigned's Policies and Procedures provides: "A party may file a sur-reply brief only with permission of the Court upon good cause shown." *See* https://www.paed.uscourts.gov/documents/procedures/leepol.pdf.  Duke Realty did not seek or have permission to file a sur-reply.  Moreover, even if leave had been obtained, the "sur-reply brief may not exceed five (5) pages." *See id.*  Duke Realty's sur-reply brief, exclusive of exhibits, is seventeen pages in length.

had not expended a significant amount of time or resources on the case).  Furthermore, Duke Realty's allegations that IH Services is a nominal party are not in the state court record.  *Accord Miller v. Principal Life Ins. Co.*, 189 F. Supp. 2d 254, 256-58 (E.D. Pa. 2002) (denying the motion to remand and considering the amended notice of removal filed beyond the thirty-day period because at the time of removal "the state court record clearly delineated and all parties were on notice that Principal Life was a nominal defendant" (citing *Willingham v. Morgan*, 395 U.S. 402 (1969)).

Second, the mere claim of IH Services, made between parties, that it did not begin servicing the facility until a month after Ms. Hart's fall is not sufficient for Duke Realty to satisfy its burden of showing IH Services is a nominal party.  *See Johnson v. Vertis, Inc.*, No. 02-6711, 2002 U.S. Dist. LEXIS 20246, at *4 n.1 (E.D. Pa. Oct. 23, 2002) (holding that "mere speculation about the status of party as 'nominal' does not provide a sufficient basis for denying Plaintiff's motion" to remand).  "Nominal parties are generally those without a real interest in the litigation."  *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991) (citing *Wolff v. Wolff*, 768 F.2d 642, 645 (5th Cir. 1985)).  "To establish that a non-removing party is a nominal party, the removing party must show that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendant in state court."  *Wright v. City of Phila.*, No. 00-5505, 2001 U.S. Dist. LEXIS 2363, at *2-5 (E.D. Pa. Mar. 6, 2001).  The company that was responsible for cleaning the facility at the time of Ms. Hart's fall has a real interest in this litigation and there is no evidence in the record showing that a company other than IH Services was responsible for cleaning.  Considering that the federal removal statute is strictly construed and that any doubts must be resolved in favor of remand, *see Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015), Duke Realty has therefore

failed to show that IH Services is merely a nominal party, *see Gentry v. Sikorsky Aircraft Corp.*, 383 F. Supp. 3d 442, 450 (E.D. Pa. 2019) ("The removing party has the burden of persuasion to prove that a party is nominal.").

Accordingly, there is no need to correct a clear error of law or fact, or to prevent manifest injustice.  The Motion for Reconsideration is denied.

## IV.    CONCLUSION

The Motion for Reconsideration merely asserts a new argument in support of the Notice of Removal, which was previously available.  Not only did Duke Realty fail to allege in the Notice of Removal that IH Services is a nominal party, it also failed to seek leave to amend its Notice to include such allegations.  Duke Realty also failed to make this argument in opposition to the Motion to Remand, and if it had, the assertion would have been untimely.  Duke Realty cannot raise this claim for the first time in seeking reconsideration.  Accordingly, Duke Realty has failed to show a need to correct a clear error of law or fact or to prevent manifest injustice.  Because there also has not been an intervening change in the controlling law, nor the availability of new evidence, the Motion for Reconsideration is denied.

A separate order will be issued.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*_____
JOSEPH F. LEESON, JR.
United States District Judge